# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BRADLEY GLENN, # 201056034**                                                **PETITIONER**

**v.**                            **CIVIL ACTION NO. 1:25-cv-102-TBM-RPM**

**STATE OF ALABAMA**                                                        **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner Bradley Glenn initiated this habeas action on April 1, 2025. At the time, he was a pretrial detainee at the Jackson County Adult Detention Center.

On July 17, 2025, the Court ordered Glenn to respond to certain inquiries regarding the Petition by July 31. Having received no response, on August 14, the Court entered the Order to Show Cause [7]. The Court ordered Glenn to show cause why the case should not be dismissed for failure to obey the Court's prior Order [5]. The response was due August 28. When Glenn did not respond, the Court entered the Second Order to Show Cause [9], on September 11, giving him one final chance to comply.

All Orders were sent to Glenn's address of record but were returned as undeliverable. To date he has neither responded, provided a change of address, nor otherwise contacted the Court. The Court has warned Glenn that failure to prosecute or comply, including keeping the Court apprised of his address, may lead to the dismissal of his Petition. [9] at pg. 1; [7]; [5]. It is apparent from Glenn's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court

order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89, 8 L. Ed. 734, 737-38 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 629-30, 82 S. Ct. at 1388, 8 L. Ed. at 737. Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 24th day of October, 2025.

TAYLOR B. MCNEEL
UNITED STATES DISTRICT JUDGE