UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRADLEY GLENN, # 0384774** **PETITIONER**

**v.** **CIVIL ACTION NO. 1:25-cv-102-TBM-RPM**

**STATE OF ALABAMA** **RESPONDENT**

**ORDER DENYING RECONSIDERATION**

Before the Court is *pro se* Petitioner Bradley Glenn's Motion of Dismissal of Due Process [16], which the Court construes as a motion to reconsider. Glenn is incarcerated at the Mobile County Metro Jail in Mobile, Alabama. On October 24, 2025, the Court dismissed this case without prejudice for failure to comply with Court Orders. On August 17, 2026, Glenn filed the instant motion, asking the Court to reopen this case "and dismiss on Grounds of Due Process." [16] at pg. 2. As set forth below, this motion is denied.

Since Glenn filed the motion over twenty-eight days after the Final Judgment, this motion shall be treated as one under Federal Rule of Civil Procedure 60(b). FED. R. CIV. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). Under this rule:

> [T]he court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

The Court dismissed this case, because Glenn did not comply with Court Orders, including keeping the Court apprised of his new address. [11] at pg. 1. Glenn claims that he notified the United States District Court for the Middle District of Louisiana about his change of address. [18] at pgs. 1-2. Because another court in the "court system" had his address, he believes this case should not have been dismissed. *Id.* at pg. 3. His alleged filing in another district court, in another state, in another case, does not bring him in compliance with this Court's Orders in this case. Glenn does not otherwise respond to the Court' s prior Orders [5, 7, 9]. Additionally, Glenn asks that the Court reopen the case, so it can be dismissed on other grounds. He does not show that he is entitled to relief under Rule 60. The motion is denied.

**IT IS ORDERED** that, for the reasons stated above, *pro se* Petitioner Bradley Glenn's Motion of Dismissal of Due Process [16], which the Court construes as a motion to reconsider, is **DENIED**.

This is 10th day of November, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE